# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2602

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Luis Arnoldo Villanueva-Martinez, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: March 14, 2005
Filed: March 30, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Luis Arnoldo Villanueva-Martinez pled guilty to being an illegal alien found in the United States following deportation after having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court[1] imposed a sentence of 78 months under the federal sentencing guidelines, and Villanueva-Martinez appeals.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Villanueva-Martinez argues that his guideline sentence violated his Sixth Amendment rights, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). He objects to his 16 level sentencing enhancement based on his having been previously deported after a felony drug trafficking conviction. He also contends that his guilty plea and conviction should be vacated, arguing that his plea was neither voluntary nor intelligent because he had been incorrectly advised that his sentence would be controlled by the guidelines. The government responds that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury under the <u>Apprendi</u> line of cases, that Villanueva-Martinez was correctly sentenced under the guidelines, and that there was no plain error.

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that a prior felony conviction is a sentencing factor for the court rather than a fact issue for the jury. That principle has been reaffirmed most recently in <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005). <u>See also</u>, <u>Blakely</u>, 124 S. Ct. at 2536; <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). Moreover, Villanueva-Martinez acknowledged in his plea agreement that he had been convicted of an aggravated felony before his deportation. The sentencing enhancement applied by the district court thus did not violate Villanueva-Martinez's rights or invalidate his guilty plea.

Accordingly, we affirm the judgment of the district court.

_____